# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| FRANKIE BROOME, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:22-cv-2276 |
| UNITED HEALTHCARE SERVICES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, FRANKIE BROOME ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of UNITED HEALTHCARE SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, the Ohio Consumer Sales Practices Act ("OCSPA") pursuant to Ohio Rev. Code §1345.01 *et seq.*, as well as for Invasion of Privacy ("IOP"), and Trespass to Chattels ("TTC"), for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant transacts business in the Northern District of Ohio, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing in Lucas County, Ohio, which lies within the Northern District of Ohio.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant "the health benefits business of UnitedHealth Group, a health care and well-being company working to help build a modern, high-performing health system through improved access, affordability, outcomes and experiences."[1] Defendant is a corporation organized under the laws of the state of Minnesota, with its headquarters located at 9900 Bren Road East, Minnetonka, Minnesota 55343. Defendant regularly uses the telephone to solicit and service consumers nationwide, including those residing within the state of Ohio.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In or around October 2022, Plaintiff began receiving calls to his cellular phone, (251) XXX-2725, from Defendant.

---

[1] https://www.uhc.com/about-us

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2725. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Upon answering calls from Defendant, Plaintiff has been subjected to a pre-recorded message, prompting him to hold for the next available representative.

12. During unanswered calls, Defendant leaves a pre-recorded and/or artificial message asking him to return its phone calls.

13. Plaintiff has never had any business relationship with Defendant nor has he ever given it permission to call his cellular phone, so Plaintiff was confused as to why Defendant was contacting him.

14. Upon speaking with Defendant's representatives, Plaintiff is informed that Defendant is attempting to reach an individual named, "Tina Joiner."

15. Plaintiff is not familiar with any individual by that name, so he informed Defendant that it was calling the wrong party and demanded that Defendant cease contacting him.

16. Plaintiff has also reiterated this information during subsequent phone calls with Defendant.

17. Despite lacking permission to call Plaintiff's cellular phone, as well as being told that the individual it was attempting to reach was unknown and to stop calling, Defendant still placed not less than one-hundred (100) phone calls to Plaintiff's cellular phone.

18. Defendant has even placed multiple calls to Plaintiff's cellular phone during the same day, despite lacking consent to do so.

19. Defendant has used a wide-array of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (602) 834-0886, (304) 244-7134, (612) 416-1334, (423) 345-9248, (978) 533-3309, (231) 241-3064, (984) 230-6456, (423) 345-9248.

20. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its solicitation activity.

21. Due to Defendant's relentless conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

22. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other companies from engaging in the unlawful practices described in this Complaint, *supra*.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies telephone calls intended for a different individual, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system *or* an artificial *or* pre-recorded messages without their consent (emphasis added).

27. Defendant used pre-recorded messages when placing calls to Plaintiff's cellular phone. Upon answering Defendant's phone calls, Plaintiff was subjected to a pre-recorded message prompting him to hold before he was connected with a representative. Moreover, during

4

unanswered calls, Defendant has left pre-recorded and/or artificial messages requesting that Plaintiff return its calls.

28. Defendant violated the TCPA by placing at least 100 phone calls to Plaintiff's cellular phone using pre-recorded and/or artificial messages without Plaintiff's consent. Plaintiff did not have any business relationship with Defendant nor did he grant it permission to call his cellular phone. Even still, Plaintiff demanded that Defendant stop calling him on a handful of occasions, thus revoking any hypothetical consent that Defendant may have had.

29. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Not only did Defendant lack permission to call Plaintiff, but Plaintiff repeatedly notified Defendant to stop calling. Armed with this information, Defendant still willfully chose to continue its barrage of calls to Plaintiff's cellular phone.

WHEREFORE, Plaintiff, FRANKIE BROOME, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendant from placing any more phone calls to Plaintiff's cellular phone;

c. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff costs and reasonable attorney fees;

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "person" and "consumer" as defined by Ohio Rev. Code §1345.01(B) and (D).

33. Defendant's solicitation and servicing efforts constitute a "consumer transaction," as the term is defined by Ohio Rev. Code §1345.01(A).

34. Defendant is a "supplier" as defined by Ohio Rev. Code §1345.01(C).

#### i. Violations of OCSPA § 1345.02

35. The OCSPA, pursuant to Ohio Rev. Code §1345.02 states that "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

36. Defendant violated §1345.02 of the OCSPA when it used deceptive means to collect and/or attempt to collect the subject debt. Plaintiff informed Defendant to stop calling him, as it was attempting to reach the wrong individual, but yet, Defendant's systematic phone calls continued, prompting Plaintiff to reiterate his demands that it cease contacting him. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to continue contacting him via an automated system when it did not have consent to do so.

#### ii. Violations of OCSPA § 1345.03

37. The OCSPA, pursuant to Ohio Rev. Code §1345.03 states that "No supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

6

38. Defendant violated §1345.02 of the OCSPA when it unfairly and unconscionably called Plaintiff over 100 times after being notified to stop, including multiple phone calls during the same day. Plaintiff had no relationship with Defendant whatsoever, and even after repeating this information and requesting that Defendant stop contacting him, Defendant persisted with its harassing conduct. These means employed by Defendant only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff, FRANKIE BROOME, respectfully requests that this Honorable Court entering judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Ohio Rev. Code §1345.09(A);

c. Award Plaintiff statutory damages up to $5,000.00, pursuant to Ohio Rev. Code §1345.09(A);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Ohio Rev. Code §1345.09(F);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Award any other relief as the Honorable Court deems just and proper.

### COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Defendant, through its barrage of communications, especially after Plaintiff informed it of its harassing nature, has repeatedly and intentionally invaded Plaintiff's privacy.

41. Defendant's unsolicited harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy his life, instead having it upended by Defendant's unlawful efforts to harass him.

42. Defendant's intrusive and persistent efforts eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home.

43. Plaintiff even informed Defendant that it was contacting the wrong individual and to stop contacting him on a handful of occasions, but Defendant gave Plaintiff no reasonable escape from its calling campaign.

44. As detailed above, Defendant invaded Plaintiff's legally-protected right to privacy, and caused Plaintiff to suffer concrete and particularized harm.

45. Defendant's relentless solicitation efforts and tactics are highly offensive to a reasonable person.

WHEREFORE, Plaintiff, FRANKIE BROOME, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT IV-TRESPASS TO CHATTELS

46. Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

48. "The harm recognized by the ancient common law claim of trespass to chattels — the

8

intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.*, 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

49. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand,* 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.*, 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

50. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

51. Defendant interfered with Plaintiff's ability to use his cellular phone while in his possession. Defendant knew or should have known that its phone calls were not welcomed, as not only did Defendant lack permission to contact Plaintiff in the first place, but Plaintiff explicitly informed on multiple occasions that he did not wish to receive any more phone calls. Yet, Defendant consciously chose to continuously interfere with Plaintiff's cellular device, with the ultimate goal of harassing him into submission.

WHEREFORE, Plaintiff, FRANKIE BROOME, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff actual damages;

    c. Award Plaintiff punitive damages;

    d. Award Plaintiff reasonable attorney's fees and costs;

    e. Enjoining Defendant from contacting Plaintiff; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 19th day of December, 2022.        Respectfully Submitted,

        */s/ Taxiarchis Hatzidimitriadis*
        Taxiarchis Hatzidimitriadis #6319225
        CONSUMER LAW PARTNERS, LLC
        333 N. Michigan Ave., Suite 1300
        Chicago, Illinois 60601
        (267) 422-1000 (phone)
        (267) 422-2000 (fax)
        teddy@consumerlawpartners.com

        *Attorneys for Plaintiff, Frankie Broome*